# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONALD E. BOYD,** | Civil Action No. 18-965 (SDW) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| **STEVEN JOHNSON, et al.,** | |
| Respondents. | |

IT APPEARING THAT:

1. On January 23, 2018, Petitioner filed a petition for a writ of habeas corpus in this matter challenging his state court conviction and sentence. (ECF No. 1).

2. Following briefing, this Court entered a final order and opinion denying that petition and denying Petitioner a certificate of appealability on January 24, 2019. (ECF Nos. 19-20).

3. In that opinion, this Court explained at length why Petitioner's claim that he was involuntarily medicated failed to establish an entitlement to relief. (ECF No. 19 at 8-17). As this Court explained to Petitioner, the record strongly supported the factual determinations of the state courts that Petitioner ingested the Xanax at issue in this matter only after being told what he was being given in open court, that Petitioner did not object to the drug at that time, and that even when Petitioner claimed he learned of the Xanax later, still did not object to this continued receipt of the medication. (*Id.* at 11-12). This Court also explained that Petitioner had failed to provide any "clear and convincing evidence" that those factual conclusions were incorrect, and that this Court was thus required to presume those factual findings to be correct. (*Id.*). Based on this factual background – the fact that Petitioner did not object to or request cessation of the Xanax's administration after being informed he was given the drug – this Court explained to Petitioner that

1

his claim of involuntary medication must fail for an obvious reason – he had failed to establish that the state court's conclusion that the medication was sufficiently involuntary to violate due process. As this Court explained,

> Numerous courts, including some circuit courts, have distinguished [the Supreme Court's holding in *Riggins v. Nevada*, 504 U.S. 127 (1992), that the involuntary administration of powerful psychotropic medication violated Due Process without the requirement of a showing of prejudice] along the same lines as the state courts in this matter – by finding that the extreme relief of a new trial is not automatically warranted without a showing of prejudice where the medication in question was ingested voluntarily or without objection. *See, e.g., Benson v. Terhune*, 304 F.3d 874 (9th Cir. 2002); *Basso v. Thaler*, 359 F. App'x 504, 507-08 (5th Cir. 2010); *Anger v. Klee*, No. 14-14159, 2015 WL 6437224, at *11 (E.D. Mich. Oct. 21, 2015); *Tiran v. Lafler*, No. 09-14807, 2011 WL 2518922, at *10 (E.D. Mich. June 23, 2011); *Powell v. Kelly*, 531 F. Supp. 2d 695, 728-29 (E.D. Va. 2008), *aff'd*, 562 F.3d 656 (4th Cir. 2009), *cert. denied*, 559 U.S. 904 (2010); *Commonwealth V. Baumhammers*, 92 A.3d 708, 733 (Pa. 2014). Indeed, the Supreme Court has itself reiterated that the *Riggins* framework applies only where the medication of the criminal defendant was *forced* and *involuntary*. *Sells v. United States*, 539 U.S. 166, 178-81 (2003). Where an individual voluntarily ingests the medication without objection, it follows that *Riggins* and its assumption of prejudice simply do not apply. *Basso*, 359 F. App'x at 508 ("there is no authority holding that voluntary administration of medication violates [a petitioner's] right to due process"). Likewise, although *Benson* may have required a level of informed consent similar to that required to waive a petitioner's *Miranda* rights, Petitioner has identified no Supreme Court caselaw requiring that a criminal defendant expressly indicate his informed consent to the medication he was being given in the absence of an objection to his continued treatment with the medication. Petitioner thus cannot show that the state courts were unreasonable merely by asserting that no hearing was held on the issue of informed consent in the absence of an objection from Petitioner to his continued medication as there is no such requirement present in the clearly established decisions of the United States Supreme Court.
>
> [Petitioner's reliance on *White v. Napolean*, 897 F.2d 103, 113 (3d Cir. 1990), a case dealing with a § 1983 claim for damages brought against a prison doctor is misplaced. *White* concerned whether convicted prisoners had a right to refuse treatment and in

turn to be informed about the proposed course of treatment in determining whether to refuse treatment. *Id.* *White* likewise concerned whether a doctor who allegedly violated this right to information could be held *civilly liable* for his failings, and did not address any requirement that a *criminal court* go beyond its own record to ensure that a criminal defendant had informedly consented to all of the medications which he had been provided in the absence of an objection to his continued medication. *Id.* Petitioner has failed to identify any clearly established Supreme Court caselaw imposing such a requirement on criminal courts in general or for criminal courts dealing with a *pro se* defendant specifically, and the state courts thus could not have unreasonably applied Supreme Court caselaw by not imposing such a requirement in cases in which no objection to continued medication has been raised.[1]]

Based on the well supported factual conclusions of the state courts, to which this Court owes considerable deference and a presumption of correctness, Petitioner voluntarily consumed Xanax, and never requested that his Xanax administration be stopped. As Petitioner's ingestion of Xanax was neither forced over his objection nor involuntary based on the well-supported factual determinations of the Appellate Division, the Appellate Division's conclusion that Petitioner was not entitled to a new trial without a showing of prejudice does not amount to an unreasonable application of the Supreme Court's decision in *Riggins*. As the Appellate Division's rejection of Petitioner's claim that he was involuntarily medicated was neither contrary to nor an unreasonable application of *Riggins* or any other identified Supreme Court precedent, Petitioner is not entitled to habeas relief on that basis. *Basso*, 359 F. App'x at 508.

(ECF No. 19 at 12-14).

4. On February 25, 2019, Petitioner filed a *pro se*[2] motion seeking reconsideration of this Court's decision denying his habeas petition pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 25). In his motion, Petitioner repeats his involuntary medication claim, repeats his

---

[1] This paragraph originally appeared in a footnote on pages 13 and 14 of the opinion denying Petitioner's habeas petition.

[2] Petitioner was represented by counsel throughout this proceeding, but counsel informed the Court that Petitioner had elected to file this Rule 59(e) motion on his own behalf in a letter filed on February 21, 2019. (ECF No. 23).

argument that the Third Circuit's decision in *White*, a § 1983 matter dealing with a prison doctor's civil liability and which did not address the central issues before this Court in Petitioner's habeas petition, should be read to require trial courts ensure that a criminal defendant gave informed consent as to all psychoactive medication they have been given even in the absence of an objection or request to cease medication, and his contention that the state court's factual determinations were incorrect. Petitioner's motion therefore largely reiterates his previous claims and presents no truly new information or arguments. (*Id.*).

5. The scope of a motion to amend a judgment pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

6. Although Petitioner asserts that this Court overlooked his factual assertions and arguments regarding informed consent and his having cut himself during summation, that is simply not the case. This Court considered all of Petitioner's factual assertions and found that Petitioner had utterly failed to provide clear and convincing evidence showing that the state court's factual findings were incorrect. Based on that conclusion, this Court was required to, and did, presume

4

that the state courts' well supported findings were correct. *See* 28 U.S.C. § 2254(e)(1). This Court thus did not overlook any of Petitioner's factual assertions. Petitioner's arguments that this Court ignored his factual allegations is thus no basis for reconsideration.

7. Petitioner's assertion that this Court ignored his informed consent argument similarly fails to establish any basis for reconsideration. As is clear from the quoted excerpt presented above, this Court thoroughly considered and rejected Petitioner's assertion that the state courts were required to determine that Petitioner gave informed consent to his medication in the absence of an objection to continued medication by Petitioner following his being told in open court what he was ingesting. Petitioner has simply failed to meet his burden in this habeas proceeding - the requirement that he prove that the state court's conclusions were not only incorrect but actually amounted to an unreasonable application of Supreme Court caselaw. Because Petitioner failed to show that he was entitled to relief, this Court denied his habeas petition after a complete consideration of his arguments and assertions. This Court did not overlook any dispositive issues of fact and law, and instead considered all of Petitioner's contentions and arguments and found them inadequate to warrant relief. Petitioner was thus not entitled to habeas relief, and because this Court considered and rejected all of his claims after considering all relevant and dispositive factual and legal issues, Petitioner has utterly failed to show any basis for reconsideration in his current motion, Petitioner's repeated disagreements with this Court's conclusions notwithstanding.

8. In conclusion, Petitioner has failed to show any valid basis for reconsideration, and his motion for reconsideration brought pursuant to Feder Rule of Civil Procedure 59(e) is therefore DENIED. An appropriate order follows.

Dated: March 1, 2019

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge